# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RASHAD MILLER, | § | |
| | § | No. 182, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 1312002214 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 18, 2015
Decided: August 18, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 18th day of August 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Rashad Miller, filed this appeal from the Superior Court's order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Miller's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Miller pled guilty on April 29, 2014 to one count of aggravated possession of a controlled substance. In exchange

for his guilty plea, the State agreed to dismiss five other related criminal charges. The Superior Court immediately sentenced Miller, effective December 4, 2013, to eight years at Level V incarceration, to be suspended after serving five months in prison for decreasing levels of supervision.

(3) In March 2015, Miller was charged with a VOP for having seven positive urine screens, for failing to appear at TASC appointments on two occasions, and for attempting to flee in handcuffs after he was arrested. Following a hearing, the Superior Court found Miller in violation and sentenced him to seven years and six months at Level V incarceration, to be suspended upon successful completion of the Key Program for one year at Level IV Crest, to be suspended upon successful completion of Level IV for two years at Level III Aftercare. Miller now appeals.

(4) In his opening brief on appeal, Miller's sole contention is that the Superior Court imposed an excessive sentence for a technical violation. It is well-established, however, that upon finding a defendant in violation of probation, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[1] In this case, the Superior Court imposed the balance of the Level V time remaining on Miller's original

---

[1] 11 *Del. C.* § 4334(c) (2007).

sentence, but then suspended his Level V time upon Miller's successful completion of the Level V Key Program, followed by one year Level IV Crest Program, suspended after successful completion of Level IV Crest for two years at Level III Aftercare. This sentence was legal, was not excessive, and does not reflect a closed mind by the sentencing judge.[2] Under the circumstances, we find no merit to Miller's appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[2] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).